UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATRINA TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:23-cv-1075<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, KATRINA TAYLOR ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of NATIONAL CREDIT SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

### PARTIES

4. Plaintiff is a disabled consumer over 18 years-of-age residing in LaPorte County, Indiana, which is located within the Northern District of Indiana.

5. Defendant "provide[s] collection services to more apartment owners and managers than any other company in the country."[1] Defendant is a corporation organized under the laws of the state of Georgia, with its principal place of business located at 1775 The Exchange SE, Suite 300, Atlanta, Georgia 30339. Defendant regularly collects upon consumers across the country, including those residing within the state of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. For the last several months, Plaintiff has been looking to improve her credit, so she accessed her Experian credit report and was surprised to see an entry bearing Defendant's name, who was reporting in an active collection status, a purported residential lease debt ("subject debt") that Plaintiff originally incurred with *MGM Property Management LLC* ("MGM").

8. Plaintiff did not agree with the subject debt, as any balance owed to MGM was significantly lower than what Defendant was communicating to Experian.

9. Accordingly, on or about November 3, 2023, Plaintiff contacted Defendant via telephone and relayed this information, along with the fact that Plaintiff disputed owing the subject debt.

10. Rather than notate Plaintiff's dispute and inform MGM of the same, Defendant's representative disregarded Plaintiff's information and attempted to collect upon the subject debt.

11. A few weeks later, Plaintiff checked her credit report to ensure that Defendant was no

---

[1] https://www.nationalcreditsystems.com/NewCompany.aspx

longer reporting the subject debt, but much to her dismay, not only was Defendant reporting the subject debt in an active collection status, but Defendant also failed to notate that the subject debt was being disputed by Plaintiff. *See* attached Exhibit A for relevant page(s) from Plaintiff's Experian credit report.

12. Plaintiff was perplexed by Defendant's failure to communicate to Experian that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to Experian on November 12, 2023, which was well after Plaintiff's dispute with Defendant. *See Id.*

13. To date, Defendant has failed to notify Experian regarding Plaintiff's dispute of the subject debt, and has continued to disseminate false information regarding Plaintiff to third parties, including potential creditors.

14. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, resulting in expenses.

15. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

16. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, Defendant's inaccurate reporting has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

18. Defendant's conduct and disputed credit reporting has caused Plaintiff additional concrete harm, including but not limited to: a decreased credit score, the dissemination of false information to one or more third parties, the exacerbation of her physical and medical symptoms, loss of sleep, expending time addressing and dealing with Defendant's confusing and false conduct, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been an active member of the Association of Credit and Collection Professionals ("ACA") since 1995.[2]

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   i.   **Violations of 15 U.S.C § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any

---

[2] https://me.acainternational.org/Membership/Membership-Directory/Company-Member-Directory/Company-Details?accountid=%7B93DAFB99-4442-EC11-8C62-000D3A5B8E84%7D

4

debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

26. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to Experian in an active collection status, when not only did Plaintiff not owe the subject debt, but she explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit information to Experian, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that she did not owe.

### ii.   Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not agree with the balance communicated by Defendant and MGM, and she disputed owing the same. Plaintiff informed Defendant of this information, but rather than being mindful of this dispute, Defendant disregarded Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the

credit bureaus.

29. Furthermore, Defendant's conduct runs afoul of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

30. As pled in paragraphs 14 through 18, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KATRINA TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 15th day of December 2023.                Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com